EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BRIAN HANES, MELVIN MUCK** § | |
| **and WINDALE KNIGHTEN** § | |
| § | |
| **Plaintiffs** § | |
| § | |
| vs. § | **CASE NUMBER: _____** |
| § | |
| **NACCO INDUSTRIES, INC.,** § | **JURY TRIAL DEMANDED** |
| **THE NORTH AMERICAN COAL** § | |
| **CORPORATION and** § | |
| **THE SABINE MINING COMPANY** § | |
| § | |
| **Defendants** § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, BRIAN HANES, MELVIN MUCK and WINDALE KNIGHTEN (collectively referred to as "Plaintiffs") and file this their Original Complaint complaining of Defendants, NACCO INDUSTRIES, INC., THE NORTH AMERICAN COAL CORPORATION and THE SABINE MINING COMPANY (collectively referred to as "Defendants") and in support of such Complaint, would show the following:

A. PARTIES

1.      BRIAN HANES, is a citizen of the State of Oklahoma, residing at 114 N. Bristow Avenue, Moore, Oklahoma 73160.

2.      MELVIN MUCK, is a citizen of the State of Oklahoma, residing at 509 N. 379th, Calvin, Oklahoma 74531.

3.      WINDALE KNIGHTEN, is a citizen of the State of Oklahoma, residing at 226 W. 15th Street, Ada, Oklahoma 74820.

4.      Defendant, NACCO INDUSTRIES, INC. is a Delaware corporation, doing business in the State of Texas. Its principal place of business is 5875 Landerbrook Dr., Suite 300, Cleveland, OH 44124. This Defendant may be served by serving its Registered Agent for Service, Corporation Service Company, 2711 Centerville Road, Suite 400, Cleveland, OH 44124.

5.      Defendant, THE NORTH AMERICAN COAL CORPORATION, is a Delaware corporation, doing business in the State of Texas. Its principal place of business is 14785 Preston Road, Suite 1100, Dallas, Texas 75254-7876. This Defendant may be served by serving its Registered Agent for Service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6.      Defendant, THE SABINE MINING COMPANY, is a Nevada corporation, doing business in the State of Texas. Its principal place of business is 14785 Preston Road, Suite 1100, Dallas, Texas 75254-7876. This Defendant may be served by serving its Registered Agent for Service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## B. JURISDICTION & VENUE

7. This Court has jurisdiction of the claim pursuant to 28 U.S.C. 1332(a) because a complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

8. This Court has venue of Plaintiffs' complaint pursuant to 28 U.S.C. 1392(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Marshall Division, Eastern District of Texas.

## C. FACTS

9. This lawsuit is brought because of an incident which occurred on June 11, 2009 in Harrison County, Texas. Plaintiffs were working for Bronco Drilling on an oil well located on land owned, leased, managed and/or operated by Defendants. At approximately 10:00 p.m., Plaintiffs drove away from the well site to secure an adequate signal for cell phone calls to their home. Upon returning to the leased site, Plaintiffs missed their turn and traveled down an unmarked and unlighted roadway that ended in a precipitous drop-off. Being unaware of the hazardous condition of the roadway, the truck driven by Plaintiff Hanes plunged off the drop-off, resulting in serious personal injuries to all Plaintiffs inside.

## D. PLAINTIFFS' CAUSE OF ACTION - PREMISES CLAIM BY INVITEE

10. Defendants were the owners and in possession of the premises upon which Plaintiffs were injured.

11. Plaintiffs entered Defendants' premises in response to Defendants' invitation and for their mutual benefit.

12. At the time of the incident, Plaintiffs were employees of Bronco Drilling and were invitees of Defendants working on an oil well located on land owned, leased, operated, managed and/or controlled by the Defendants.

13. A condition on Defendants' premises posed an unreasonable risk of harm. A roadway used by invitees to travel into and out of the premises was improperly maintained, unmarked and inadequately lighted. Specifically, the roadway consisted of a sharp right-turn to return to the well site with an option to continue traveling straight. Because of the lack of lighting and signage, Plaintiff Hanes missed the turn and drove straight onto what appeared to be a continuance of the roadway. Unfortunately, the roadway ended abruptly with a precipice off of which Plaintiffs' vehicle plunged causing injuries and damages to all vehicle occupants.

14. Defendants created and therefore knew or should have known of the hazardous road condition that was a part of the roadway into and out of the property owned, leased, managed and/or operated by the Defendants.

15. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiffs. This duty includes the duty to inspect and the duty to warn or to cure any hazardous conditions on their premises. Defendants breached the duty of ordinary care by failing to maintain and mark the roadway, warning Plaintiffs and other invitees of the hazardous roadway condition.

16. Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and the damages and injuries of Plaintiffs, BRIAN HANES, MELVIN MUCK

and WINDALE KNIGHTEN. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### E. DAMAGES

17. DAMAGES OF BRIAN HANES

Plaintiff, BRIAN HANES, has suffered damages in the past, as well as in the future, as follows:

   a.  Plaintiff, BRIAN HANES has suffered damages in the nature of mental anguish and physical pain. These damages include the emotional pain, torment and suffering he experienced in the past and which, in reasonable probability, will be suffered in the future.

   b.  Plaintiff, BRIAN HANES, has suffered damages in the nature of disfigurement, physical and mental impairment and, in reasonable probability he will continue to suffer these damages in the future.

   c.  Plaintiff, BRIAN HANES, has incurred expenses for hospital and other medical care and attention which were necessary for the treatment of her injuries. Because of the nature and consequences of such conditions, Plaintiff BRIAN HANES, in all reasonable probability will continue to incur additional medical expenses.

   d.  At the time of the occurrence described herein, Plaintiff, BRIAN HANES, was capable of gainful employment and had been earning significant wages. As a proximate result of the negligence of the Defendants, Plaintiff, BRIAN HANES, has suffered a loss of capacity to earn a livelihood and his earning capacity has been impaired, and in all reasonable probability this loss of earning capacity will continue.

18. DAMAGES OF MELVIN MUCK

Plaintiff, MELVIN MUCK, has suffered damages in the past, as well as in the future, as follows:

   a.  Plaintiff, MELVIN MUCK has suffered damages in the nature of mental anguish and physical pain. These damages include the emotional pain, torment and suffering he experienced in the past and which, in reasonable probability, will be suffered in the future.

    b.    Plaintiff, MELVIN MUCK, has suffered damages in the nature of disfigurement, physical and mental impairment and, in reasonable probability he will continue to suffer these damages in the future.

    c.    Plaintiff, MELVIN MUCK, has incurred expenses for hospital and other medical care and attention which were necessary for the treatment of her injuries. Because of the nature and consequences of such conditions, Plaintiff MELVIN MUCK, in all reasonable probability will continue to incur additional medical expenses.

    d.    At the time of the occurrence described herein, Plaintiff, MELVIN MUCK, was capable of gainful employment and had been earning significant wages. As a proximate result of the negligence of the Defendants, Plaintiff, MELVIN MUCK, has suffered a loss of capacity to earn a livelihood and his earning capacity has been impaired, and in all reasonable probability this loss of earning capacity will continue.

19.    DAMAGES OF WINDALE KNIGHTEN

Plaintiff, WINDALE KNIGHTEN, has suffered damages in the past, as well as in the future, as follows:

    a.    Plaintiff, WINDALE KNIGHTEN has suffered damages in the nature of mental anguish and physical pain. These damages include the emotional pain, torment and suffering he experienced in the past and which, in reasonable probability, will be suffered in the future.

    b.    Plaintiff, WINDALE KNIGHTEN, has suffered damages in the nature of disfigurement, physical and mental impairment and, in reasonable probability he will continue to suffer these damages in the future.

    c.    Plaintiff, WINDALE KNIGHTEN, has incurred expenses for hospital and other medical care and attention which were necessary for the treatment of her injuries. Because of the nature and consequences of such conditions, Plaintiff WINDALE KNIGHTEN, in all reasonable probability will continue to incur additional medical expenses.

    d.    At the time of the occurrence described herein, Plaintiff, WINDALE KNIGHTEN, was capable of gainful employment and had been earning significant wages. As a proximate result of the negligence of the Defendants, Plaintiff, WINDALE KNIGHTEN, has suffered a loss of capacity to earn a livelihood and his earning capacity has been impaired, and in all reasonable probability this loss of earning capacity will continue.

F.  <u>DEMAND FOR JURY</u>

20. Plaintiffs demand a jury trial and tender the appropriate fee.

G.  <u>PRAYER</u>

WHEREFORE, Plaintiffs, BRIAN HANES, MELVIN MUCK and WINDALE KNIGHTEN, request that the Defendants be cited to appear and answer and that upon final hearing hereon Plaintiffs recover as follows:

1. Actual damages within the jurisdictional limits of this court;

2. Prejudgment and post-judgment interest as allowed by law;

3. Costs of suit;

4. Attorney's fees; and

5. All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

ERSKINE & McMAHON, L.L.P.
P.O. Box 3485
Longview, Texas 75606
903-757-8435 Office
903-757-9429 Fax

BY:     /s/ Mark P. McMahon
MARK P. McMAHON
Texas Bar No. 13776500

ATTORNEY FOR PLAINTIFFS